UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UBS AG, LONDON BRANCH,

                Plaintiff,

   - against -

GREKA INTEGRATED, INC.,

                Defendant.

23 MC 00086 (LLS)

ORDER

    In 2021 this Court entered judgment against defendant Greka Integrated, Inc. ("GIT"), and plaintiff UBS AG, London Branch ("UBS") was awarded $136,967,650.10 in damages (the "judgment"). Since that judgment was awarded, the parties have engaged in several post-judgment discovery disputes. Presently at issue is a subpoena UBS served on Steven Demott, a former employee of a GIT affiliate, which is composed of 15 document requests ("the subpoena"). Berry Decl. to Motion to Quash. (Dkt. No. 3). GIT and non-party Randeep Grewal move to quash that subpoena. For the following reasons, the motion to quash is denied.

    At the outset, GIT and Grewal disagree with UBS on the law that should govern the present discovery dispute. Under Federal Rule of Civil Procedure 69(a)(2), UBS may pursue discovery in aid of a money judgment under the federal rules of civil procedure or "by the procedure of the state where the court is located." Weng v. Kung Fu Little Steamed Buns Ramen, Inc., 2023 WL 5835030, at *1 (S.D.N.Y. Sept. 7, 2023); Chevron Corp. v.

1

Donziger, 2020 WL 635556, at *4 (S.D.N.Y. Feb. 11, 2020). Therefore, federal law or New York law might govern. But because UBS has chosen to pursue discovery under the federal rules, federal law governs the scope of discovery. See Jones v. Milk River Cafe, LLC, 2022 WL 3300027, at *4 (E.D.N.Y. Aug. 11, 2022).

Generally, "only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena. A non-recipient has standing to challenge a subpoena only if it has a privilege, privacy or proprietary interest in the documents sought." G & G Closed Cir. Events, LLC v. Perez, 2022 WL 1185748, at *1 (S.D.N.Y. Apr. 21, 2022) (internal citations omitted). Requests number 1, 3, 4, 6, and 8 in the subpoena seek Grewal's personal financial records with enough particularity to provide Grewal standing to move to quash those requests. Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc., 2017 WL 1133349, at *8 (E.D.N.Y. Mar. 24, 2017). As to the other ten requests, neither GIT nor Grewal has alleged anything more than a "conclusory assertion" that the subpoena would infringe upon a privilege, privacy or proprietary interest. Therefore, the motion to quash the remaining requests is denied.

The motion to quash requests number 1, 3, 4, 6, and 8 is also denied. Those requests seek information to help UBS determine whether Grewal has engaged in transactions affecting

the current location of the judgment debtor's assets. That information is directly relevant to seeking recovery of the judgment, and there is a compelling need for that information, which UBS has consistently tried and failed to obtain. Those considerations override the privacy interests Grewal has in his financial information. See e.g., Sky Med. Supply Inc., 2017 WL 1133349, at *8 ("Indeed, a court will order ... sensitive financial information produced where it is relevant to the action and there is a compelling need for the documents because the information is not otherwise readily available.") (alteration in the original) (collecting cases).

So ordered.

Dated:   New York, New York
         October 27, 2023

                                      *Louis L. Stanton*
                                      LOUIS L. STANTON
                                      U.S.D.J.